IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE RODRIGUEZ-RODRIGUEZ,

Plaintiff,

v.

BCBG MAX AZRIA GROUP, LLC, et al.,

Defendant.

CIVIL NO. 18-1075 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On March 24, 2020, Plaintiff José Rodríguez-Rodríguez ("Plaintiff") moved for an entry of default as to Marquee Brands, LLC ("Marquee") (Docket No. 45), which was granted, and the Clerk of the Court entered on April 30, 2020. (Docket Nos. 46 and 48). Plaintiff then filed a Motion for Default Judgment. (Docket No. 59). On August 25, 2021, a damages hearing was held in which Plaintiff testified. (Docket No. 70). On September 23, 2023, an Opinion and Order was issued granting Plaintiff's Motion for Default Judgment finding that Marquee had discriminated against him based on his age and he had been unjustly dismissed. Plaintiff's award against Marquee was in the amount of $355,776.90. (Docket No. 74).

On December 29, 2023, Marquee moved the Court to set aside the default judgment alleging it should be vacated pursuant to Fed.R.Civ.P. 60(b)(6) because the motion is timely, there are extraordinary circumstances sufficient to vacate the default judgment for Plaintiff's failure to abide by Local Rule 55(a) and the Covid-19 pandemic, Marquee has a meritorious defense, and Plaintiff will not be prejudiced if the default

Case 3:18-cv-01075-CVR   Document 104   Filed 02/15/24   Page 2 of 11

José Rodríguez-Rodríguez v. BCBG Max Azria Group, LLC et al.
Civil No. 18-1075 (CVR)
Opinion and Order
Page 2
_____

judgment is vacated. In addition, Marquee posits the default judgment is void and should be set aside pursuant to Fed.R.Civ.P. 60(b)(4). Marquee submitted an affidavit declaration and several other documents in support of its request. (Docket Nos. 88 and 89).

On January 23, 2024, Plaintiff opposed Marquee's motion contending it is untimely, there are no exceptional circumstances to justify the extraordinary relief being sought, Marquee has not shown a meritorious claim, Plaintiff will be prejudiced, and the judgment is not void. Plaintiff submitted a new sworn statement and other documents, some in the Spanish language[1], in support of his opposition. (Docket No. 99).

On January 30, 2024, Marquee filed a reply reiterating its previous arguments and contradicting Plaintiff's arguments in his opposition. Marquee submitted a supplemental declaration under penalty of perjury. (Docket No. 102).

The Court GRANTS Marquee's well-reasoned and supported Motion to Vacate the Default Judgment for the reasons stated therein and briefly explained below. (Docket No. 88).

## ANALYSIS

**A. Federal Rule of Civil Procedure 60 (b)(4).**

Judgment by default may be set aside pursuant to Fed.R.Civ.P. 55(c) and 60(b). Under Rule 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."

---

[1] The documents in Spanish will not be considered because they lack the English translation in violation of Local Rule 5(g).

Case 3:18-cv-01075-CVR   Document 104   Filed 02/15/24   Page 3 of 11

José Rodríguez-Rodríguez v. BCBG Max Azria Group, LLC et al.
Civil No. 18-1075 (CVR)
Opinion and Order
Page 3
_____

Fed.R.Civ.P. 60(b)(4) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons … the judgment is void."

It is a well settled rule that service of process is a prerequisite for the court to exercise jurisdiction over a defendant. Walden v. Craig's Heirs, 14 Pet. 147, 39 U.S. 147, 10 L.Ed. 393 (1840). Absent service of process or other valid notice on a defendant the judgment is void. Under Fed.R.Civ.P. 60(b)(4), a party may have a judgment set aside if he/she can show that it was void. Failure to serve a defendant a fortiori renders a judgment void and makes out a claim for relief under Rule 60(b)(4).

A default judgment entered by a court which lacks jurisdiction over the person of the defendant is void, General Contracting & Trading Co. v. Interpole, Inc., 940 F.2d 20, 21 n. 1 (1st Cir. 1991), and may be set aside *at any time* pursuant to Fed.R.Civ.P. 60(b)(4). Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 23 (1st Cir. 1992); M & K Welding, Inc. v. Leasing Partners, LLC, 386 F.3d 361, 364 (1st Cir. 2004).

Normally the decision to grant or deny a Fed.R.Civ.P. 60(b) motion lies within the discretion of the district court, and review is for abuse of discretion only. *See* Cotto v. United States, 993 F.2d 274, 277 (1st Cir. 1993). However, the Court of Appeals for the First Circuit has held that the district court does not have discretion to deny a Fed.R.Civ.P. 60(b)(4) motion if the challenged judgment was void for lack of personal jurisdiction. *See* Echevarría-González v. González-Chapel, 849 F.2d 24, 28 (1st Cir. 1988) ("If the judgment is void, the district court has no discretion but to set aside the entry of default judgment."); Sea-Land Serv., Inc. v. Cerámica Europa II, Inc., 160 F.3d 849, 852 (1st Cir. 1998) (same). "'[O]nce challenged, plaintiffs have the burden of proving proper service.'" United States

José Rodríguez-Rodríguez v. BCBG Max Azria Group, LLC et al.
Civil No. 18-1075 (CVR)
Opinion and Order
Page 4
_____

v. Tobins, 483 F. Supp. 2d 68, 75 (D. Mass. 2007) (quoting Rivera-López v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992)).

In the instant case, Plaintiff has not met his burden of proving proper service of process on Marquee. The affidavit of service submitted by Plaintiff shows that process server Michael Gorman ("Mr. Gorman") delivered a true copy to "Tamika 'Doe'" personally and "knew said individual to be authorized to accept thereof." In the additional comments section of the affidavit of service, Mr. Gorman indicates: "Successful Attempt … received by TAMIKA 'DOE' refused last name, stated is authorized to accept." (Docket No. 99-8). The affidavit of service states in a conclusory fashion that Tamika Doe was authorized to accept it because she said so and that is how Mr. Gorman knew. This conclusory assertion by Mr. Gorman as the process server is not sufficient and Plaintiff has not provided any other evidence to demonstrate that Tamika was authorized to receive the service of process on Marquee's behalf. The fact that Tamika refused to provide her last name should have given the process server (and Plaintiff's counsel upon receipt of the alleged served affidavit of process) some pause. If Tamika Doe was indeed authorized to receive the service of process on Marquee's behalf, why would she refuse to provide her last name? Why isn't Tamika Doe's position at Marquee as an authorized agent mentioned in the affidavit of process? What did Mr. Gorman do to ascertain that Tamika Doe was indeed authorized to receive the service of process on Marquee's behalf? These questions demonstrate that the circumstances proffered by Plaintiff to justify that the service of process was valid are highly suspicious, conclusory, and insufficient to prove service of process on an authorized individual of Marquee.

Case 3:18-cv-01075-CVR   Document 104   Filed 02/15/24   Page 5 of 11

José Rodríguez-Rodríguez v. BCBG Max Azria Group, LLC et al.
Civil No. 18-1075 (CVR)
Opinion and Order
Page 5
_____

This conclusion is buttressed by the declaration of Eric Winchel ("Mr. Winchel"), Senior Director of Legal Affairs at Marquee, submitted in support of Marquee's Motion to Vacate Default Judgment, which states the following in pertinent part:

> 4. At all times relevant to this matter, it was Marquee's policy that any and all legal documents, including any summons issued to Marquee, must be provided directly to me or one of my colleagues in Marquee's legal department.
>
> 5. Marquee has no record of ever being served with the summons and complaint in this action. Although Plaintiff claims that he delivered papers to Tamika "Doe", this is not reflected in our files. Plaintiff does not state what Tamika's last name is nor her position within Marquee.
>
> 6. Even if Tamika were, for example, a receptionist at Marquee's office, such an individual would not be authorized to accept service, as Marquee has never provided any of its receptionists with the authority to accept service of legal documents.

(Docket No. 88-1).

The above assertions in Mr. Winchel's declaration stand uncontested as they have not been challenged by Plaintiff in his opposition. To this effect, Plaintiff has not provided any additional evidence to corroborate Mr. Gorman's scant affidavit of process or to establish that Tamika Doe was indeed an officer, general, or any other agent authorized by appointment or by law to receive service of process on Marquee's behalf.[2] The Court of Appeals for the First Circuit has held that a plaintiff's unsupported assertions that service was made on an officer or authorized agent are insufficient where there is nothing to indicate that the person served is "an officer, a managing or general agent" or otherwise

---

[2] In Zond, the court analyzed a receptionist's authority within the organization and found that, although she had knowledge of what to do with the papers, she was not "particularly integral" to the company and was therefore not authorized to receive service. Zond, LLC v. Fujitsu Semiconductor Ltd., 53 F. Supp. 3d 394, 398 (D. Mass. 2014) (addressing Rule 4(h)). Indeed, "[c]ourts have repeatedly held that a receptionist does not ordinarily qualify as a corporation's agent." Carey Int'l Inc. v. Carey Limo Serv. Inc., Civil No. 10-12142-MLW, 2011 WL 9819989, at *1 (D. Mass. Sept. 22, 2011); Lott v. KForce, Inc., Civil No. 18-12182-MBB, 2019 WL 3573154, at *3 (D. Mass. Aug. 6, 2019).

Case 3:18-cv-01075-CVR   Document 104   Filed 02/15/24   Page 6 of 11

José Rodríguez-Rodríguez v. BCBG Max Azria Group, LLC et al.
Civil No. 18-1075 (CVR)
Opinion and Order
Page 6
_____

authorized to receive service of process. Saez Rivera v. Nissan Mfg. Co., 788 F.2d 819, 821 (1st Cir. 1986) (holding that a plaintiff who served a Japanese corporation via an office in Puerto Rico "put forward nothing other than the process server's assertion that she served a person ... who stated ... he was the presiding officer" (internal quotation marks omitted)).

In view of the above, the Court concludes that Marquee was not properly served with summons in this case and this error deprived Marquee of its due process. Marquee did not receive notice of the complaint filed against it and did not have an opportunity to be heard. This renders the default judgment in this case void and the default judgment must be vacated under Fed.R.Civ.P. 60(b)(4). Precision Etchings, 953 F.2d at 23.

**B. Federal Rule of Civil Procedure 60(b)(6).**

Technically, there is no need to reach Marquee's additional arguments under Fed.R.Civ.P. 60(b)(6) in support of its Motion to Vacate the Default Judgment, for the reasons above explained which dispose of the pending matter. However, the Court decides to do so in an abundance of caution, and it reaches the same result.

Under Fed.R.Civ.P. 60(b)(6) courts are vested with the equitable powers "to vacate judgments whenever such action is appropriate to accomplish justice." This "catch-all" provision is reserved for "extraordinary circumstances" where the moving party is faultless. Courts conduct a case-by-case inquiry to determine if relief is appropriate under Fed.R.Civ.P. 60(b)(6), balancing the need for the finality of judgments and the interests of justice. Motions under this rule are ordinarily granted only when exceptional circumstances are present, but "district courts have broad discretion to determine whether such circumstances exist." Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir.

Case 3:18-cv-01075-CVR   Document 104   Filed 02/15/24   Page 7 of 11

José Rodríguez-Rodríguez v. BCBG Max Azria Group, LLC et al.
Civil No. 18-1075 (CVR)
Opinion and Order
Page 7
_____

1997). The decision to grant or deny relief under the catch-all provision of the rule setting forth the grounds for relief from judgment is inherently equitable in nature. Ungar v. Palestine Liberation Org., 599 F.3d 79 (1st Cir. 2010).

To balance the "competing policies" of finality of judgments and resolving litigation on the merits, courts considering motions under Fed.R.Civ.P. 60(b)(6) ordinarily examine four factors: (1) the motion's timeliness, (2) whether exceptional circumstances justify extraordinary relief, (3) whether the movant can show a potentially meritorious claim or defense, which, if proven, could bring him/her success at trial, and (4) the likelihood of unfair prejudice to the opposing party. Bouret-Echevarría v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 43 (1st Cir. 2015). However, "[t]his compendium is neither exclusive nor rigidly applied. Rather, the listed factors are incorporated into a holistic appraisal of the circumstances." Ungar, 599 F.3d at 83-84 (internal citation omitted). "[T]here is no ironclad rule requiring an in-depth, multi-factored analysis in every case. Sometimes one factor predominates to such an extent that it inexorably dictates the result." *Id.* at 86.

After a careful review of the record, the Court determines that the factors under Federal Rule of Civil Procedure 60(b)(6) favor Marquee.

First, as to timeliness, the Court is satisfied with Marquee's explanation for its failure to timely appear in this case considering the documents submitted in support thereof when compared to the lack of support in Plaintiff's opposition as to his alleged compliance in serving process in this case and later in serving its Motion for Default Judgment. The Court notes that Plaintiff's counsel has not strictly complied in this case with the Federal Rules of Civil Procedure and the Local Rules which caused for example

Case 3:18-cv-01075-CVR   Document 104   Filed 02/15/24   Page 8 of 11

José Rodríguez-Rodríguez v. BCBG Max Azria Group, LLC et al.
Civil No. 18-1075 (CVR)
Opinion and Order
Page 8
_____

that two (2) defendants were not timely served with summons and the case was dismissed against them with prejudice. As explained in Mr. Winchel's declaration, Marquee diligently appeared as soon as it acquired knowledge of this case. (Docket No. 88-1, pp. 5-7). No reliable evidence to the contrary (i.e., willful delay, purpose ignoring service) has been offered by Plaintiff. As such, the Court finds that Marquee's Motion to Vacate the Default Judgment is timely.

As to the second factor, the Court agrees with Marquee that there are exceptional circumstances justifying that the default judgment be set aside. As properly argued by Marquee, even though Plaintiff asserts that he properly served the motion for default judgment on Marquee, the certificate of service of said motion does not comply with Local Rule 55(a) because it does not state that the motion was indeed served. No sworn declaration or statement under penalty of perjury was provided by Plaintiff or his attorney in opposing the Motion to Vacate the Default Judgment to attest that in fact said motion was mailed to Marquee's last known address. Plaintiff's self-serving claims, without more, are insufficient for the Court to conclude that Marquee was properly served with the Motion for Default Judgment. This conclusion considers the unrebutted assertions by Mr. Winchel in his declaration that no employee of Marquee ever received notice by mail or electronic means of Plaintiff's Motion Requesting Default Judgment, the entry of default, a copy of the entry of default judgment, the Opinion and Order and the default judgment; and that Plaintiff "made zero effort to communicate with Marquee or make Marquee aware of the potential default judgment against it." (Docket No. 88-1, pp. 5-6). Moreover, the Court cannot obviate the fact that Plaintiff's Motion for Default Judgment was filed during the early stages of the Covid-19 pandemic which impacted normal

Case 3:18-cv-01075-CVR   Document 104   Filed 02/15/24   Page 9 of 11

José Rodríguez-Rodríguez v. BCBG Max Azria Group, LLC et al.
Civil No. 18-1075 (CVR)
Opinion and Order
Page 9
_____

operations worldwide of all businesses thus making strict compliance with Rule 55(a) more important.

The third factor favors Marquee as well because Marquee has a meritorious defense that could bring it success with a dispositive motion or at trial. As properly supported by Marquee with Mr. Winchel's declaration, the court-approved Reorganization Plan, and the executed Purchase Agreement between Marquee and BCBG, Marquee has a meritorious defense because it was never Plaintiff's employer and did not assume assets or liabilities related to BCBG's business operations or workforce. (Docket Nos. 88-1 and 88-3). Plaintiff's attempt to rebut this fact by alleging in his sworn declaration that Greg Demott told him that BCBG was acquired by Marquee is a self-serving unsupported hearsay assertion. (Docket No. 99-7). Moreover, Mr. Winchel has declared that Marquee has no record of ever employing Greg Demott. (Docket No. 102-1, p. 1). Therefore, Marquee's defense that it cannot be liable for Plaintiff's termination is meritorious.

Fourth, "prejudice to Plaintiff must not be judged on the criterion of 'merely from the passage ... of time' but must be examined to determine if there is evidence that Plaintiff's 'witnesses have died, memories have dimmed ... a discovery scheme has been thwarted ... or evidence lost.'" Thiemann v. Electric Insulation Suppliers Inc., 180 F.R.D. 200, 201 (D. Puerto Rico 1998) quoting Coon v. Grenier, 867 F. 2d 73, 77 (1st Cir. 1989)). Plaintiff has not demonstrated any such circumstances existed in the instant case. "Simply requiring a party to litigate does not constitute prejudice under Fed. R. Civ. P. 55(c)." Id. (internal quotations omitted). A mere delay in answering a complaint is not sufficient prejudice to require denial of motion to set aside a default judgment. United Coin Meter

Co. Seaboard C. Railroad, 705 F.2d 839, 845 (6th Cir. 1983).

The record of this case shows that Plaintiff has dragged his feet to the point that his claims against BCBG and Max Azria Global Holdings, LLC were dismissed with prejudice for lack of prosecution. In addition, Plaintiff waited over two (2) years to execute the judgment in this case. Thus, any delay in this case is because of Plaintiff's own doing. Furthermore, Plaintiff has not shown that the passage of time has caused witnesses to disappear or evidence to be lost, which could amount to prejudice. In addition, Plaintiff will have the opportunity to present his case on the merits if default judgment is vacated. In sum, Plaintiff has not shown that he would suffer any real prejudice if the default judgment was set aside. Thus, the fourth criterion also favors Marquee.[3]

In view of the above reasons, the Court concludes that Marquee has satisfied all the factors under Fed.R.Civ.P. 60(b)(6) for the default judgment to be vacated so the instant case may proceed on the merits.

## CONCLUSION

For the reasons herein explained, Marquee's Motion to Vacate the Default Judgment is GRANTED. (Docket No. 88). Consequently, the Court directs the Clerk of the Court to vacate the default judgment entered at Docket No. 75.

**The Court orders Marquee to answer the Amended Complaint or otherwise plead in twenty (20) days.**

IT SO ORDERED.

---

[3] Marquee would be the one to suffer unfair prejudice if the default judgment is not vacated in this case because it has a judgment entered against it in the amount of $355,776.90 due to an unwilful default.

Case 3:18-cv-01075-CVR   Document 104   Filed 02/15/24   Page 11 of 11

José Rodríguez-Rodríguez v. BCBG Max Azria Group, LLC et al.
Civil No. 18-1075 (CVR)
Opinion and Order
Page 11
_____

In San Juan, Puerto Rico, this 15th day of February 2024.

                                                S/CAMILLE L. VELEZ-RIVE
                                                CAMILLE L. VELEZ-RIVE
                                                UNITED STATES DISTRICT JUDGE